UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEDIGHEH HAMZEHZADEH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL CHERTOFF, Secretary of | ) |
| Department of Homeland Security; | ) |
| | ) Case No. 4:06CV1462 RWS |
| EMILIO T. GONZALEZ, Director of U.S. | ) |
| Citizenship and Immigration Services, | ) |
| Department of Homeland Security; | ) |
| | ) |
| ALFONSO AGUILAR, Chief, | ) |
| Office of Citizenship | ) |
| Department of Homeland Security, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Sedigheh Hamzehzadeh is a lawful resident of the United States who has filed an application for naturalization with the United States Citizenship and Immigration Services ("USCIS"). Hamzehzadeh's application has been pending since December 27, 2004. Hamzehzadeh has been interviewed by the USCIS. The USCIS has not yet adjudicated her application. Hamzehzadeh has filed this petition requesting me to assume jurisdiction over the matter and naturalize Hamzehzadeh. Defendants have filed a motion asking that Hamzehzadeh's case be remanded to the USCIS to complete the background check necessary for Hamzehzadeh to prove her eligibility for naturalization.

I will remand the matter to the USCIS with instructions to make a determination as expeditiously as possible after receiving Hamzehzadeh's completed criminal background check

from the FBI.

*Background*

The naturalization process begins when the applicant files a Form N-400, "Application for Naturalization." 8 U.S.C. § 1445(a); 8 C.F.R. § 334.2. The USCIS must then conduct a background investigation of the applicant. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. At a minimum, the background investigation includes "a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed, or engaged in business, for at least the five years immediately preceding the filing of the application." 8 C.FR. § 335.1. The USCIS relies primarily on three background check mechanisms: (i) the Interagency Border Inspection System (IBIS) name check, (ii) the FBI fingerprint check, and (iii) the FBI name check. Typically following the conclusion of the background check, the applicant is interviewed by a USCIS examiner. 8 U.S.C. § 1446(b); 8 C.F.R. § 335.2. During the examination the applicant is tested to determine if the applicant has the required level of English proficiency and knowledge of the history and government of the United States. 8 U.S.C. § 1423(a); 8 C.F.R. § 312.1; 8 C.F.R. § 312.2.

The examination by the USCIS examiner should occur only after the USCIS receives from the FBI a "definitive response" that a full criminal background check of the applicant has been completed. 8 C.F.R. § 335.2. Sometimes, as in the present case, the USCIS will conduct the examination of an applicant before a full criminal background check is completed in an attempt to expedite the naturalization process.

Ultimately, the USCIS examiner is authorized to make a determination to grant or deny the application. 8 U.S.C. § 1446(d); 8 C.F.R. § 335.3. This determination should occur within

the 120 days following the initial examination of the applicant. 8 C.F.R. § 335.3. However, when the examination of the applicant occurs before the background check is completed, 120 days may expire without the background check being finalized. This creates a situation where an applicant can file for review by a district court under 8 U.S.C. 1447(b).

Plaintiff Hamzehzadeh is citizen of Iran. She has been a lawful permanent resident of the United States since 2000. On December 27, 2004, she filed her Form N-400 application for naturalization with the USCIS. Approximately six months later, on June 6, 2005, Hamzehzadeh was interviewed by a USCIS officer. Hamzehzadeh passed an English language proficiency test and demonstrated her knowledge of United States history and government. Currently, the background investigation is pending, and has been pending for almost two years. The USCIS maintains that it is unable to adjudicate Hamzehzadeh's application until it receives the results of Hamzehzadeh's background check.

One type of background investigation is a "name check." Hamzehzadeh asserts that a "name check" is not contemplated by 8 C.F.R. § 335.2(b). This assertion is without merit. The regulation states that:

> A definitive response that a full criminal background check on an applicant has been completed includes: (1) Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record; (2) Confirmation from the Federal Bureau of investigation that an applicant has an administrative or a criminal record; or (3) Confirmation from the Federal Bureau of Investigation that two properly prepared fingerprint cards (Form FC-258) have been determined unclassifiable for the purpose of conducting a criminal background check and have been rejected.

§ 335.2(b). Because § 335.2(b) uses the term <u>includes</u> to define a background check, the conditions that follow that term are not exhaustive. A "name check" may certainly be read into

the requirement of a full criminal background check.

*Legal standard*

Federal jurisdiction is proper only if a case comes within an express congressional grant of jurisdiction. Missouri ex rel. Missouri Highway & Transp. Comm'n v. Cuffley, 112 F.3d 1332, 1334 (8th Cir. 1997). Congress has expressly limited the jurisdiction of district courts in the naturalization process. "The sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General." 8 U.S.C. 1421(a). Furthermore, "[j]udicial deference to the Executive Branch is especially appropriate in the immigration context where officials 'exercise especially sensitive political functions that implicate questions of foreign relations.'" INS v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999) (quoting Ins v. Abudu, 485 U.S. 94, 110 (1988)); See also Palomino v. Ashcroft, 354 F.3d 942, 944 (8th Cir. 2004) ("some deference is appropriate in the immigration context because sensitive political decisions with important diplomatic repercussions may be involved").

One exception to the district courts' limited jurisdiction in the naturalization application process is found in 8 U.S.C. § 1447(b).

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

§ 1447(b).

*Discussion*

Once jurisdiction is established, a district court has two options under § 1447(b). The

district court may hold a hearing and decide the matter, or it may remand the matter with appropriate instructions to the USCIS for determination.

*Hearing or Remand*

"Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." INS v. Ventura, 537 U.S. 12, 16 (2002). The executive branch is generally given great deference in immigration matters. More specifically, a district court, like the USCIS, is not in a position to decide an application for naturalization until the FBI completes the required criminal background investigations. A district court is not equipped to conduct such an investigation to determine if an applicant presents any risk to national security or public safety. El-Daour v. Chertoff, 417 F. Supp.2d 679, 684 (E.D. Va. 2005). To conduct a hearing without the completion of a background check "would contravene Congress's intent that an FBI background is to be completed prior to the adjudication of every naturalization application." Essa v. United States Citizenship & Immigration Service, No. 05-1449, 2005 U.S. Dist. LEXIS 38803, at *8 (D. Minn. Dec. 14, 2005). Therefore, I find that it is not appropriate for me to make a determination of Hamzehzadeh's naturalization application. Instead, I will remand this matter to the USCIS for determination of Hamzehzadeh's application.

Hamzehzadeh requests that if the case is remanded to the USCIS, that the USCIS should be given instructions to make an immediate determination of Hamzehzadeh's application. For many of the same reasons why I am not in an advantageous position to decide the matter, the USCIS cannot make a determination without the assurances of a completed background check. More importantly, Congress has explicitly forbidden the USCIS from using any of its funds for

completing the adjudication of an application for naturalization before a full criminal background check is completed by the FBI. Act of Nov. 26, 1997, Pub. L. No. 105-119, 111 Stat. 2440, 2448-49 (appropriating money for the Departments of Commerce, Justice, and State).[1] Because the FBI has not yet completed its background check of Hamzehzadeh, the USCIS cannot currently make a determination of Hamzehzadeh's application. Essa, 2005 U.S. Dist. LEXIS 38803 at * 6-7.

Nor will I enter an order instructing the USCIS to use any procedures available to expedite Hamzehzadeh's background check. Only the FBI and the USCIS are in a position to know what resources are available to conduct the background checks, and whether an expedited background check is feasible or efficient. See Sze v. INS, No. C-97-0569, 1997 U.S. Dist. LEXIS 10822, at *26 (N.D. Cal. July 24, 1997) ("[T]he agency is in a superior position to view its projects as a whole and to optimally allocate its resources."). This fact, combined with the deference given the executive branch in immigration matters, leads me to conclude that the decision whether to expedite Hamzehzadeh's background check is an issue more appropriately left to the USCIS.

I understand Hamzehzadeh's desire to become an American citizen, and sympathize with the delay that she must endure while the application process is under way. On the other hand, I am not in a position to give her the relief she has requested. "Unfortunately, delays of this nature are inevitable and becoming more frequent in light of heightened security concerns in the post-

---

[1] The statute provides that "during fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated . . . shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed." Id.

911 world." <u>Alkenani v. Barrows</u>, 356 F. Supp. 2d 652, 657 (N.D. Tex. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Remand [#2] is **GRANTED** with instructions that the USCIS make a determination as expeditiously as possible after the completion of Hamzehzadeh's criminal background investigation.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of June, 2007.